UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN B. CASWELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-30114-MGM |
| | ) | |
| MASSACHUSETTS DEPT. OF | ) | |
| REVENUE, CHILD SUPPORT | ) | |
| ENFORCEMENT DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO
PROCEED *IN FORMA PAUPERIS* (Dkt. No. 2) AND FURTHER RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)

ROBERTSON, U.S.M.J.

On July 1, 2015, self-represented litigant John B. Caswell, Jr. ("Plaintiff"), a resident of

Blandford, Massachusetts, filed this civil action against the Massachusetts Department of

Revenue Child Support Enforcement Division ("Defendant") (Dkt. No. 1). According to the

complaint, Plaintiff "petitions the United States District Court for relief from violations of the

[Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B ("FFCCSOA")] by both

[Massachusetts and Colorado]" (Dkt. No. 1 at 3). Presently before the court is Plaintiff's motion

to proceed *in forma pauperis* (Dkt. No. 2), which was referred to the undersigned. *See* 20 U.S.C.

§ 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). For the reasons that follow, the court recommends

allowing Plaintiff's motion to proceed *in forma pauperis*. The court further recommends that the

complaint be dismissed with prejudice for a lack of subject matter jurisdiction.

I.     Background

A brief summary of the allegations in the complaint are as follows. In 2008, Defendant

began the collection process against Plaintiff for alleged arrears of $147,000 in child support that

resulted from a child support order issued in Colorado in 1997.  Colorado had registered the

order in Massachusetts in 2008.  At that time, Plaintiff had already been paying a child support

enforcement order issued in Massachusetts.  In response to the collection action for arrears,

Plaintiff filed an action in the Hampden County Probate and Family Court Department of the

Massachusetts Trial Court ("Probate Court") contesting the Colorado order.  In a 2011

memorandum of decision, the Probate Court upheld the 1997 Colorado order, and Plaintiff was

ordered to pay the amount owed in arrears.  He unsuccessfully appealed that decision to the

Massachusetts Appeals Court, which affirmed the trial court's ruling.  Plaintiff now challenges

the outcome of those decisions in this court, alleging multiple errors in the memorandum of

decision issued by the Probate Court.  The complaint alleges over twenty causes of action,

including invasion of privacy, malicious prosecution, and negligence, arising from Plaintiff's

litigation contesting the Colorado order (Dkt. No. 1 at 8-9).[1]

II.     Discussion

        Upon review of Plaintiff's application, the court concludes that he is without income or

assets to pay the filing fee.  Accordingly, the court recommends granting the motion to proceed

*in forma pauperis*.  That does not end the court's inquiry, however.  "If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ.

P. 12(h)(3); *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005); *McCulloch v. Velez*, 364 F.3d 1,

5 (1st Cir. 2004).  The court liberally construes Plaintiff's complaint because he is self-

---

[1] Plaintiff also claims that he has been subjected to other constitutional and civil rights violations
(Dkt. No. 1 at 2).  His complaint completely fails to identify these alleged violations, and none
are readily apparent.  Plaintiff has an obligation to give the defendant fair notice of the nature
and basis of his claims.  *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (internal
quotation marks omitted).  Such a conclusory allegation cannot overcome dismissal.  *Ashcroft v.
Iqbal*, 556 U.S. 662, 678 (2009) (a complaint does not "suffice if it tenders naked assertions
devoid of further factual enhancement") (internal quotation marks omitted).

represented.  *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004)

(citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)).  Even allowing for a liberal construction

of Plaintiff's allegations, the court recommends that the complaint be dismissed with prejudice

for the reasons set forth below.

Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter

jurisdiction over a claim that seeks in essence to overturn a state court judgment.  *Geiger v.

Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008); *see Exxon Mobil Corp. v.

Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (the doctrine is a jurisdictional bar to "cases

brought by state-court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection

of those judgments").  "Instead, the proper avenue for such a challenge is to the state's highest

court and from there to the United States Supreme Court."  *Bradbury v. GMAC Mortg., LLC*, 780

F. Supp. 2d 108, 113 (D. Me. 2011); *accord Davison v. Gov't of Puerto Rico-Puerto Rico

Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006).

Plaintiff lost at the trial and appellate levels of the Massachusetts court system.  He now

asks this court to "vacat[e], revers[e], and remand[]" the Appeals and Probate Court decisions;

declare that the Massachusetts enforcement order is the proper order under the FFCCSOA, and,

therefore, the Colorado order is void; issue an order enjoining the Massachusetts Department of

Revenue from further seizing his income; and award him damages as a result of his litigation in

state court (Dkt. No. 1 at 12).  Accordingly, this case falls within the prohibition of the *Rooker-

Feldman* doctrine and must be dismissed.  *See Stewart*, 2010 WL 1993884, at * 3; *see also, e.g.*,

*Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 68 (1st Cir. 2008) (plaintiff

precluded from "'seeking review and rejection'" of state court judgments in federal court)

(quoting *Exxon Mobile Corp.*, 544 U.S. at 291 (2005)); *Walton v. Claybridge Homeowners Ass'n, Inc.*, No. 10-3970, 2011 WL 3331944 (7th Cir. Aug. 3, 2011) (unpublished) (plaintiff's lawsuit against state court judge and others barred by *Rooker-Feldman* doctrine where the plaintiff sought injunctive relief from rulings of state court judge); *Marciano v. White*, No. 09-56897, 2011 WL 1748350 (9th Cir. May 9, 2011) (same).

Even if the *Rooker-Feldman* doctrine did not deprive this court of subject matter jurisdiction, the court would lack the authority to entertain Plaintiff's claims. Federal courts are courts of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel*, 399 F.3d at 410 (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). The federal courts have subject-matter jurisdiction over certain civil actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"), and civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"). "The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)).

Plaintiff first asserts that the court has subject matter jurisdiction pursuant to the FFCCSOA, 28 U.S.C. § 1738B (Dkt. No. 1 at 2; Dkt. No. 1-2). The FFCCSOA is a federal statute that establishes the standards by which the states determine their jurisdiction to issue support orders and the effect to be given to support orders from other states. The Supreme Court has held that full faith and credit statutes such as the FFCCSOA do not create a federal cause of action. *Thompson v. Thompson*, 484 U.S. 174, 182 (1988) ("[T]he Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action."); *see, e.g.*, *Stewart v. Lastaiti*, No. 10-60565-CIV, 2010 WL 1993884, at *2 (S.D. Fla.

May 17, 2010) (holding that the court lacked subject matter jurisdiction to enforce compliance with the FFCCSOA).  Therefore, the FFCCSOA does not give rise to a private right of action, and no federal claim "arises under" FFCCSOA for purposes of § 1331 jurisdiction.

Plaintiff also asserts that diversity jurisdiction exists under § 1332, which grants a district court original jurisdiction over cases where the amount in controversy exceeds $75,000 and the case is between "citizens of different States."  28 U.S.C. §1332(a)(1).  Section 1332 requires complete diversity of citizenship between the parties.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Complete diversity does not exist where any defendant and any plaintiff are domiciled in the same state.  *See id.*  Here, Plaintiff is a resident of Blandford, Massachusetts and Defendant is a Massachusetts agency (Dkt. No. 1 at 1).  Therefore, complete diversity of citizenship does not exist, and the court lacks jurisdiction under § 1332.

III.   Conclusion

For these reasons, it is this court's RECOMMENDATION that Plaintiff's Motion to Proceed *In Forma Pauperis* be granted, but that the case be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(h)(3).[1]

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: August 11, 2015